UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KEYSTONE LAMINATES, INC., a Pennsylvania corporation,

    Plaintiff,

    v.

JOEL KLIPPERT and LEEANN KLIPPERT, individually and the marital community composed thereof, and PANELTECH INTERNATIONAL, LLC, a Washington limited liability company,

    Defendants.

Case No. C07-5164FDB

ORDER DENYING MOTION FOR ORDER DECLARING TRANSFER OF TITLE OF TRADEMARKS TO JUDGMENT CREDITOR KEYSTONE LAMINATES, INC.

    Plaintiff's Amended Complaint for Fraudulent Transfer and Damages alleges jurisdiction based on diversity and an amount in controversy exceeding $75,000.

    Plaintiff filed an earlier complaint in this court against Kliptech Composites, Inc.(Kliptech), C04-5637 KLS, for Monies Due/Breach of Contract against Kliptech, a company belonging to Joel and Leeann Klippert. On April 13, 2005, Magistrate Judge Karen Strombom entered a default judgment in favor of Judgment Creditor Keystone Laminates, Inc. and against Judgment Debtor Kliptech Composites, Inc. in the amount of $88,581.00 plus fees and costs. Keystone asserts that nothing has been paid on the judgment, which totals nearly $120,000.00 to the amended complaint date. Keystone further asserts that evidence produced during supplemental proceedings together with Joel Klippert's testimony, showed that Kliptech Composites, Inc. had enough assets in 2004 to satisfy its debts with plaintiff, but that these assets had been transferred to Paneltech International, LLC, a former client of Kliptech Composites, Inc. Thus, Keystone now brings this case with three

ORDER - 1

1 causes of action: (1) Fraudulent transfer of assets to Paneltech; (2) Corporate successor liability as to
2 Paneltech by virtue of the fraudulent transfer of assets by Kliptech to Paneltech; and (3) Direct
3 shareholder liability by disregarding Kliptech's and Paneltech's corporate forms as necessary to
4 prevent unjust abuse of the corporate form to frustrate plaintiff's ability to collect on its judgment.

5 Plaintiff Keystone now brings a motion for an order declaring transfer of title of trademarks
6 to it to satisfy Keystone's judgment. Submitted with the motion is a letter dated September 21, 2004
7 from Joel Klippert to Roy Nott of Paneltech in which he states that

> Paneltech is buying the equipment assets from KlipTech. KlipTech will own the brand names, KlipTech, Ramp X, PaperStone & AquaComp and at the point that KlipTech Composites, Inc. is closed/folded those brand names will be the property of Joel Klippert.

(Ex. 1 to Moure Decl.)

Defendants Joel and Leeann Klippert respond that Kliptech does not own the brand names, that they belong to Joel Klippert in his individual capacity. The Klipperts contend that Plaintiff Keystone did not seek this relief in its Complaint, that it alleged that the whole Kliptech enterprise was transferred to Paneltech, but now alleges that Kliptech owns certain brand names that Keystone wants. Consequently, Plaintiff Keystone has failed to state a claim upon which relief may be granted. The Klipperts also argue that Keystone is also "estopped" from taking this inconsistent position. Finally, the Klipperts argue that there is no authority cited for the relief Plaintiff seeks; rather, an attachment proceeding might be brought under Fed. R.Civ. P. 69(a) and RCW 6.25, but the current motion is essentially one for summary judgment.

Plaintiff Keystone has a money judgment against Kliptech that it seeks to enforce against Kliptech's assets that it believes have been fraudulently transferred to Defendant Paneltech. Supplementary proceedings are a means of enforcing a judgment already obtained, and provide a means to ascertain whether a judgment debtor has assets that can be applied to satisfy a judgment – even those assets that have been concealed in the hands of third parties, or which cannot be reached

ORDER - 2

by ordinary execution.  11 Fed. Proc. L. Ed. § 31.66.   Supplementary proceedings may also be used to pierce the corporate veil.  *Id.*  Fed. R. Civ. P. 69 provides the procedural mechanism for exercising postjudgment enforcement.

Plaintiff Keystone contends that the ownership of the brand names it seeks to attach and sell is not in dispute, because the above-quoted letter form Joel Klippert stated that Kliptech would retain ownership of the brand names, but that they would become the property of Joel Klippert once Kliptech closed.  Keystone asserts that the transfer of the brand names to Joel Klippert never took place and Kliptech as a business never closed and cites to the Moure Declaration.   That declaration, however, does not support Keystone's contention and the Declaration is by one of Keystone's attorneys who is reporting what Joel Klippert's attorney,  Alexander Kleinberg, told him:

> 3.  Mr. Kleinberg stated that these brand names never belonged to Kliptech, and could therefore not be transferred to Joel and Leeann Klippert.
>
> 4.  Mr. Kleinberg also stated that these brand names have always belonged to Joel and Leeann Klippert, and are therefore their personal assets and can not be seized in enforcing a judgment against Kliptech.

(Moure Decl.¶ ¶ 3 & 4.)

On this showing, where ownership of the aforementioned brand names is not clearly shown, and where the status of the Judgment Debtor is also unclear, Keystone's motion must be denied.  Furthermore, the procedural aspects under Fed. R. Civ. P. 69 and applicable state law should be set forth with particularity in any request for court action in the future.

NOW, THEREFORE, IT IS ORDERED: Motion for Order Declaring Transfer of Title of Trademarks To Judgment Creditor Keystone Laminates, Inc. [Dkt. # 14] is DENIED.

DATED this 4th day of October, 2007.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 3